**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
Case Summary
Civil Docket

Clerk's Office
USDC, Mass.
Date 7-20-05
By _CMG_
Deputy Clerk

## ESCV2005-00970
### Fritz v Transamerica Life Insurance Company

| | | | | | |
|---|---|---|---|---|---|
| File Date | 06/09/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 07/14/2005 | Session | C - Civil-CtRm 1 (Lawrence) | | |
| Origin | 1 | Case Type | A99 - Misc contract | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 09/07/2005 | Answer | 11/06/2005 | Rule12/19/20 | 11/06/2005 |
| Rule 15 | 11/06/2005 | Discovery | 04/05/2006 | Rule 56 | 05/05/2006 |
| Final PTC | 06/04/2006 | Disposition | 08/03/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Rosemary Fritz
Salem, MA 01970
Active 06/09/2005

**Private Counsel 655321**
Chris Winton Henderson
57 Wharf Street
Suite 3A
Salem, MA 01970
Phone: 978-741-4646
Fax: 978-741-4696
Active 06/09/2005 Notify

**Private Counsel 567358**
James R Knudsen
Whittenberg & Associates
200 Broadway
Suite 304
Lynnfield, MA 01940
Phone: 781-599-4000
Fax: 781-581-2650
Active 06/09/2005 Notify

**Defendant**
Transamerica Life Insurance Company
Cedar Rapids, IA 52401
Served: 06/16/2005
Served (answr pending) 06/16/2005

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/09/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 06/09/2005 | | Origin 1, Type A99, Track F. |
| 06/21/2005 | 2.0 | SERVICE RETURNED: Transamerica Life Insurance Company(Defendant) |
| 07/14/2005 | 3.0 | Certified Copy of Notice for Removal to the United States District Court filed by Transamerica Life Insurance Company |
| 07/14/2005 | 4.0 | ORDER transferring case to United States District Court (Thomas Murtagh, Justice) |
| 07/14/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

## ESSEX SUPERIOR COURT
### Case Summary
### Civil Docket

# ESCV2005-00970
# Fritz v Transamerica Life Insurance Company

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2005-00970-C**

RE: **Fritz v Transamerica Life Insurance Company**

TO: James R Knudsen, Esquire
Whittenberg & Associates
200 Broadway
Suite 306
Lynnfield, MA 01940

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 09/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 11/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 11/06/2005 |
| All motions under MRCP 15 filed | 11/06/2005 |
| All discovery requests and depositions completed | 04/05/2006 |
| All motions under MRCP 56 served and heard | 05/05/2006 |
| Final pre-trial conference held and firm trial date set | 06/04/2006 |
| Case disposed | 08/03/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session C sitting in **CtRm 1 (Lawrence)** at Essex Superior **Court.**

Dated: 06/10/2005

Thomas H. Driscoll Jr.
Clerk of the Courts
BY: Kevin Jones
Assistant Clerk

Location: CtRm 1 (Lawrence)
Telephone: (978) 687-7463

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

cvdtracf_2.wpd 552549 inidoc01 exarhose

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0970 | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|

**PLAINTIFF(S):** ROSEMARY FRITZ

**DEFENDANT(S):** TRANSAMERICA LIFE INSURANCE CO.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE:**
CHRIS WINTON HENDERSON, ESQ.
57 WHARF ST SUITE 3A
SALEM, MA 01970
Board of Bar Overseers number: 978-741-4646

**ATTORNEY (if known):**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | ANNUITY BENEFICIARY | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................................... $ .............
2. Total Doctor expenses .......................................... $ .............
3. Total chiropractic expenses .................................... $ .............
4. Total physical therapy expenses ................................ $ .............
5. Total other expenses (describe) ................................ $ .............
   Subtotal $ .............
B. Documented lost wages and compensation to date ..................... $ .............
C. Documented property damages to date ................................ $ .............
D. Reasonably anticipated future medical and hospital expenses ........ $ .............
E. Reasonably anticipated lost wages .................................. $ .............
F. Other documented items of damages (describe)
   $ .............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $ .............
   TOTAL $ .............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): THE PLAINTIFF WAS NAMED AS THE SOLE BENEFICIARY ON A VARIABLE ANNUITY CONTRACT WITH A DATE OF DEATH VALUE OF $1,068,557.12 BUT WHEN THE ANNUITANT/OWNER DIED, THE DEFENDANT PAID A PORTION OF SAID FUNDS TO A THIRD PARTY AND HAS FAILED TO RECOGNIZE THE PLAINTIFF ROSEMARY FRITZ AS THE DESIGNATED BENEFICIARY

TOTAL $ 1,100,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 06.09.05

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                               SUPERIOR COURT
                                                        CIVIL ACTION NO.:

| | | |
|---|---|---|
| ROSEMARY FRITZ,<br>    Plaintiff | )<br>)<br>) | |
| v. | )<br>) | COMPLAINT FOR<br>BREACH OF CONTRACT |
| TRANSAMERICA LIFE<br>INSURANCE COMPANY,<br>    Defendant | )<br>)<br>)<br>) | AND NEGLIGENCE |

1. This is an action for Breach of Contract, Negligence, and Declaratory Judgment.

2. The Plaintiff, Rosemary Fritz, is an individual who resides in Salem, Massachusetts, in Essex County.

3. The Defendant, Transamerica Life Insurance Company, is an insurance company whose primary place of business is 4333 Edgewood Road, NE, Cedar Rapids, Iowa, and regularly conducts business within the Commonwealth of Massachusetts.

4. The Defendant, Transamerica Life Insurance Company has a local office located at 140 Gould Street in Needham, Massachusetts.

5. A variable annuity policy application was executed by Michael E. Fritz on March 23, 1992.

6. At the time that Michael E. Fritz signed the application, he named Rosemary Fritz as the sole beneficiary.

7. The Defendant, Transamerica Life Insurance Company, breached said contract by making payments to someone other than the Plaintiff, Rosemary Fritz, and by refusing to recognize Plaintiff, Rosemary Fritz, as the beneficiary of the variable annuity.

8. Michael E. Fritz died on February 22, 2002, and at that time, the decedent's policy #804676 had a full value of $1,068,551.12, with Plaintiff, Rosemary Fritz still listed as the sole beneficiary.

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

## COUNT I – BREACH OF CONTRACT

9. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-7 above.

10. Defendant owed the Plaintiff a contractual duty as a third-party beneficiary.

11. The Defendant, Transamerica Life Insurance Company, breached its contractual duty to the Plaintiff, Rosemary Fritz, when it disbursed funds from said variable annuity to Rosemarie Fritz, as follows:

    1) $250,000.00 on April 4, 2002
    2) $100,000.00 on February 27, 2003
    3) $ 50,000.00 on June 20, 2003
    4) $ 50,000.00 on September 10, 2003

12. The Defendant, Transamerica Life Insurance, caused the Plaintiff, Rosemary Fritz, damage when it wrongfully failed to pay the Plaintiff the variable annuity funds owed.

## COUNT II - NEGLIGENCE

13. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-10 above.

14. The Plaintiff, Rosemary Fritz, states that the Defendant was negligent when it disbursed funds for said variable annuity to someone other than the designated beneficiary.

15. The Plaintiff, Rosemary Fritz, states that the Defendant was negligent when it failed to adhere to proper procedure and standard protocol when it disbursed funds from said annuity, thus causing damages to the Plaintiff.

16. The Plaintiff, Rosemary Fritz, states that the Defendant continued to negligently make improper payments to a third party, other than the designated beneficiary on the annuity, even after the Defendant was notified in writing on behalf of the Plaintiff of the claim of Rosemary Fritz to the annuity as the designated beneficiary, causing injury and damage to the Plaintiff.

## COUNT II – DECLARATORY JUDGMENT

17. The Plaintiff, repeats, re-alleges, and incorporates by reference paragraphs 1-14 above.

18. The Defendant has failed to recognize the Plaintiff, Rosemary Fritz, as the designated beneficiary.

19. The Plaintiff, Rosemary Fritz, states that the Defendant, Transamerica Life Insurance Co., was negligent when it disbursed funds from said variable annuity to someone other than the Plaintiff, Rosemary Fritz, who is the designated beneficiary.

20. The Plaintiff, Rosemary Fritz, states that the remaining balance, although it has not been paid to anyone, is still also owed to the Plaintiff, Rosemary Fritz and the Defendant has

**WHEREFORE,** the Plaintiff, Rosemary Fritz, is entitled to a Declaratory Judgment as she is the rightful beneficiary of the variable annuity contract and demands that the Defendant, Transamerica Life Insurance Company, fulfill its contractual duty and make payment of all monies owed and due in accordance with said annuity, together with statutory interest thereon to the Plaintiff, Rosemary Fritz, as the designated beneficiary.

**THE PLAINTIFF REQUESTS A JURY TRIAL.**

Date: 06.09.05

Respectfully Submitted
Rosemary Fritz
By Her Attorneys

Chris Winton Henderson, Esq.
BBO #655321
57 Wharf Street, Suite 3A
Salem, MA 01970
(978) 741-4646

James R. Knudsen, Esq.
BBO #567358
200 Broadway, Suite 304
Lynnfield, MA 01940
(781) 599-4000

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 050970

Rosemary Fritz......................................................................, Plaintiff(s)

v.

Transamerica Life Insurance Company..............., Defendant(s)

## SUMMONS

To the above named Defendant: Transamerica Life Insurance Company

You are hereby summoned and required to serve upon Chris Winton Henderson, Esq. plaintiff's attorney, whose address is 57 Wharf Street, Ste. 3A, Salem, MA 01970 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Essex County either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 9th day of June, in the year of our Lord two thousand five.

A TRUE COPY ATTEST
DEPUTY ASS'T. CLERK

Thomas H. Driscoll Jr.
*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defence, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and also file the original in the Clerk's Office.*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____, 20___ .     _____

N.B.  TO PROCESS SERVER:-
      PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
      _____ ___ ___ ___ ___ ___                    ) ON DEFENDANT.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   JOE MAHLOY
   ASSIST. MGR ADMIN. PROCESS
   TRANSAMERICA LIFE INSURANCE
   4333 EDGEWOOD Rd., N.E.
   CEDAR RAPIDS, IOWA
   52499

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  *Rick Mason*        ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
   R Mason                         6-16-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)  7099 3400 0008 9217 9181

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

, 20   .

---

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rosemary Fritz<br>      Plaintiff<br><br>v.<br><br>TransAmerica Life Insurance<br>Company<br>      Defendant | Civil Action No.: 05 — 970 |

## NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS, AND TO PLAINTIFF

Please take note that the defendant, Transsamerica Life Insurance Company, hereby files its Notice of Removal pursuant to 28 U.S.C 1331 and 1332 et seq. and 28 U.S.C. 1441(b) to effect removal of this matter, which was commenced in The Superior Court Department for the Commonwealth of Massachusetts, Essex County, under civil action number ESCV02005-050970. The defendant states that removal is proper for the following reasons.

1.) On or about June 9, 2005 the plaintiff filed this action in The Essex Superior Court. Service of process was made on June 16, 2005 and thirty days since such service has not yet expired.

2.) A review of the Complaint indicates that the United States District Court has original jurisdiction over the subject matter on the basis of diversity of citizenship, 28 USC 1332.

3.) Original jurisdiction exists on the basis of diversity of citizenship and an amount in controversy which exceeds $75,000

A TRUE COPY ATTEST
[signature]
DEPUTY ASST. CLERK

a.) the plaintiff is an individual who resides in the Commonwealth of Massachusetts
b.) the defendant is a corporation organized in the state of Iowa and has its principal place of business in the State of Iowa. As well, the defendant is not a liability insurer for purposes of 28 USC 1332 (c)(1).
c.) The Plaintiff's Complaint alleges actual damages in an amount of $1,068,551.12

Accordingly, removal of this action is proper under 28 USC c. 1441 because this is a civil action brought in state court over which the Federal District Court would have original jurisdiction had the action been commenced in Federal Court.

4.) Attached as Exhibit A is a copy of all pleadings and process filed in this action in the Essex Superior Court, under civil action no.: ESCV2005-050970.

5.) A notice of Filing of this Notice of Removal is being filed with the Essex Superior Court and is being served on the Plaintiff.

6.) Pursuant to Local Rule 81.1(A) the petitioner shall request of the Essex Superior Court certified or attested copies of all records and proceedings in the Superior Court and certified and attested copies of all the docket entries therein , and shall file same with this court within thirty (30) days after the filing of this Notice of Removal.

Respectfully Submitted
The Defendant, Transamerica Life Insurance,
by its attorney,

Thomas J. Delaney
BBO# 550141
Goddard, Scuteri & Delaney
27 Congress Street
Salem, MA 01970
(978) 745-6200

Dated: July 8, 2005

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
CIVIL ACTION NO.: 050920

ROSEMARY FRITZ, )
   Plaintiff )
)
v. ) COMPLAINT FOR
) BREACH OF CONTRACT
TRANSAMERICA LIFE ) AND NEGLIGENCE
INSURANCE COMPANY, )
   Defendant )

1. This is an action for Breach of Contract, Negligence, and Declaratory Judgment.

2. The Plaintiff, Rosemary Fritz, is an individual who resides in Salem, Massachusetts, in Essex County.

3. The Defendant, Transamerica Life Insurance Company, is an insurance company whose primary place of business is 4333 Edgewood Road, NE, Cedar Rapids, Iowa, and regularly conducts business within the Commonwealth of Massachusetts.

4. The Defendant, Transamerica Life Insurance Company has a local office located at 140 Gould Street in Needham, Massachusetts.

5. A variable annuity policy application was executed by Michael E. Fritz on March 23, 1992.

6. At the time that Michael E. Fritz signed the application, he named Rosemary Fritz as the sole beneficiary.

7. The Defendant, Transamerica Life Insurance Company, breached said contract by making payments to someone other than the Plaintiff, Rosemary Fritz, and by refusing to recognize Plaintiff, Rosemary Fritz, as the beneficiary of the variable annuity.

8. Michael E. Fritz died on February 22, 2002, and at that time, the decedent's policy #804676 had a full value of $1,068,551.12, with Plaintiff, Rosemary Fritz still listed as the sole beneficiary.

## COUNT I – BREACH OF CONTRACT

9. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-7 above.

10. Defendant owed the Plaintiff a contractual duty as a third-party beneficiary.

11. The Defendant, Transamerica Life Insurance Company, breached its contractual duty to the Plaintiff, Rosemary Fritz, when it disbursed funds from said variable annuity to Rosemarie Fritz, as follows:

    1) $250,000.00 on April 4, 2002
    2) $100,000.00 on February 27, 2003
    3) $ 50,000.00 on June 20, 2003
    4) $ 50,000.00 on September 10, 2003

12. The Defendant, Transamerica Life Insurance, caused the Plaintiff, Rosemary Fritz, damage when it wrongfully failed to pay the Plaintiff the variable annuity funds owed.

## COUNT II - NEGLIGENCE

13. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-10 above.

14. The Plaintiff, Rosemary Fritz, states that the Defendant was negligent when it disbursed funds for said variable annuity to someone other than the designated beneficiary.

15. The Plaintiff, Rosemary Fritz, states that the Defendant was negligent when it failed to adhere to proper procedure and standard protocol when it disbursed funds from said annuity, thus causing damages to the Plaintiff.

16. The Plaintiff, Rosemary Fritz, states that the Defendant continued to negligently make improper payments to a third party, other than the designated beneficiary on the annuity, even after the Defendant was notified in writing on behalf of the Plaintiff of the claim of Rosemary Fritz to the annuity as the designated beneficiary, causing injury and damage to the Plaintiff.

## COUNT II – DECLARATORY JUDGMENT

17. The Plaintiff, repeats, re-alleges, and incorporates by reference paragraphs 1-14 above.

18. The Defendant has failed to recognize the Plaintiff, Rosemary Fritz, as the designated beneficiary.

19. The Plaintiff, Rosemary Fritz, states that the Defendant, Transamerica Life Insurance Co., was negligent when it disbursed funds from said variable annuity to someone other than the Plaintiff, Rosemary Fritz, who is the designated beneficiary.

20. The Plaintiff, Rosemary Fritz, states that the remaining balance, although it has not been paid to anyone, is still also owed to the Plaintiff, Rosemary Fritz and the Defendant has

WHEREFORE, the Plaintiff, Rosemary Fritz, is entitled to a Declaratory Judgment as she is the rightful beneficiary of the variable annuity contract and demands that the Defendant, Transamerica Life Insurance Company, fulfill its contractual duty and make payment of all monies owed and due in accordance with said annuity, together with statutory interest thereon to the Plaintiff, Rosemary Fritz, as the designated beneficiary.

**THE PLAINTIFF REQUESTS A JURY TRIAL.**

Date: 06.09.05

Respectfully Submitted
Rosemary Fritz
By Her Attorneys

Chris Winton Henderson, Esq.
BBO #655321
57 Wharf Street, Suite 3A
Salem, MA  01970
(978) 741-4646

James R. Knudsen, Esq.
BBO #567358
200 Broadway, Suite 304
Lynnfield, MA  01940
(781) 599-4000

06/29/2005 11:07 FAX 319 896 6820    FMD LEGAL                     ☒002
Case 1:05-cv-11544-RWZ   Document 3   Filed 07/22/2005   Page 15 of 18

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                        SUPERIOR COURT
                                                                  CIVIL ACTION
                                                                  No. 05-0970

Rosemary Fritz ........................................................., Plaintiff(s)

v.

Transamerica Life Insurance Company ........................, Defendant(s)

## SUMMONS

To the above named Defendant: Transamerica Life Insurance Company

You are hereby summoned and required to serve upon Chris Winton Henderson, Esq., plaintiff's attorney, whose address is 57 Wharf St., Ste. 3A, Salem, MA 01970 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Essex County either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 9th day of June, in the year of our Lord two thousand 2005

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

*(Margin note, left side, vertical:) NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.*

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20     , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated:                   , 20    .          _____

N.B.   TO PROCESS SERVER:-
       PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                        ┌─────────────────────┐
                                        │                     │
                                        │           , 20    . │
                                        │                     │
                                        └─────────────────────┘

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, ss.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|
| PLAINTIFF(S) ROSEMARY FRITZ | | DEFENDANT(S) TRANSAMERICA LIFE INSURANCE CO. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE CHRIS WINTON HENDERSON, ESQ. 52 WHARF ST SUITE 3A SALEM, MA 01970 Board of Bar Overseers number: 978-741-4646 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | ANNUITY BENEFICIARY | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $............
  2. Total Doctor expenses ................................................... $............
  3. Total chiropractic expenses ............................................. $............
  4. Total physical therapy expenses ........................................ $............
  5. Total other expenses (describe) ........................................ $............
                                                              Subtotal $............
B. Documented lost wages and compensation to date ........................ $............
C. Documented property damages to date ................................... $............
D. Reasonably anticipated future medical and hospital expenses ........... $............
E. Reasonably anticipated lost wages ..................................... $............
F. Other documented items of damages (describe)
                                                                       $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                       $............
                                                              TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): THE PLAINTIFF WAS NAMED AS THE SOLE BENEFICIARY ON A VARIABLE ANNUITY CONTRACT WITH A DATE OF DEATH VALUE OF $1,068,557. BUT WHEN THE ANNUITANT/OWNER DIED, THE DEFENDANT PAID A PORTION OF SAID FUNDS TO A THIRD PARTY AND HAS FAILED TO RECOGNIZE THE PLAINTIFF ROSEMARY FRITZ AS THE DESIGNATED BENEFICIARY        TOTAL $1,100,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 06.09.05

**Commonwealth of Massachusetts**
County of Essex
The Superior Court

CIVIL DOCKET# **ESCV2005-00970**

Fritz

vs.

Transamerica Life Insurance Company

---

### ORDER OF TRANSFER

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

Certified Copy of Notice for Removal to the United States District Court filed by Transamerica Life Insurance Company

Dated at Lawrence, Massachusetts this 14th day of July, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:............................................................
Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST
_____
DEPUTY ASST. CLERK

cvdremandc_1.wpd 559261 notusdc collado