UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 02005-050970

ROSEMARY FRITZ,
    PLAINTIFF

V.

TRANSAMERICA LIFE INSURANCE COMPANY
    DEFENDANT

**DEFENDANT, TRANSAMERICA LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTION TO REMOVAL AND REQUEST FOR REMAND**

PROCEDURAL HISTORY (GENERALLY)

Transamerica Life Insurance Company ("Transamerica") issued a variable annuity policy of insurance to Michael E. Fritz. The policy contemplated payments to a named beneficiary upon the death of Michael E. Fritz. Michael E. Fritz died on February 22, 2002.

Rosemarie Fritz is the natural mother of Michael E. Fritz. Rosemary Fritz is the stepmother of Michael E. Fritz. Both Rosemarie Fritz and Rosemary Fritz claim that they were the intended named beneficiaries and thus entitled to receive the policy funds.

Transamerica Life Insurance Company seeks a declaration as to who is entitled to receive the policy funds. In March 2004 Transamerica, filed suit in

Hillsborough County Probate Court, State pf New Hampshire, Docket No.: 2004-781. A true and accurate copy of the complaint and docket is attached hereto as Exhibit A.

Transamerica named both Rosemarie Fritz and Rosemary Fritz as parties in the New Hampshire suit. All three parties were represented by counsel and engaged in discovery.

On June 9, 2005 Rosemary Fritz instituted a second suit concerning the same subject matter in the Essex County Superior Court, Commonwealth of Massachusetts. While Rosemary Fritz included Transamerica as a party to this second suit, Rosemary Fritz excluded Rosemarie Fritz from the suit.

Rosemary Fritz is a resident of Massachusetts. Rosemarie Fritz is a resident of New Hampshire. Transamerica is a corporation organized in the State of Iowa.

Transamerica is concerned that a second suit, that being the one filed in the Commonwealth of Massachusetts, is a waste of judicial economy. In order for the parties to properly resolve their dispute in an efficient manner and without the waste of judicial resources, all matters should be consolidated in one court in a suit that involves all parties and resolves all issues.

In order to accomplish an efficient resolution of this matter, Transamerica suggests that it is appropriate to have the New Hampshire state matter transferred to the United States District Court for the District of New Hampshire, to have the Massachusetts state matter transferred to the United States Distinct Court for the

3

District of Massachusetts and then have both matters consolidated within the federal system.

Toward that end, Transamerica filed a notice of removal with regard to the within action and has also filed a notice of remove with regard to the New Hampshire matter, that having been pending before the Hillsborough County Superior Court for less than 30-days.

## PROCEDURAL HISTORY – REMOVAL

28 USC § 1446(a) provides, in part:

> *A defendant… desiring to remove any civil action… from a state court shall file in the district court for the United States … a notice of removal.*

28 USC §1446 (b) affords the defendant a period of 30-days, after first receiving a copy of the initial pleadings, to file a notice of removal with the United States District Court. 28 U.S.L § 1446 (b) does not mandate the receipt of filing fee within the 30-day period. Rather, what is required is the filing of a notice of removal.

Here, it is agreed that the Defendant first received the initial pleadings on June 16, 2005 . Thus a notice of removal had to be filed by July 18, 2005 . (Affidavit of Thomas J. Delaney paragraphs 2 and 5) The notice of removal was received and filed by the United States District Court on July 11, 2005, seven days prior to the expiration of the 30-day period. (Affidavit of Thomas J. Delaney, paragraph 7, 8, and 9.)

4

## CONCLUSION

The notice for removal was received and filed by the United States District Court within the prescribed period of time. For the sake of judicial economy, it is imperative that the two cases, involving the same subject matter, in two different state courts, be allowed to be removed to the federal; court system and later consolidated so that all parties will have a fair opportunity to participate in all legal proceedings and have available one forum to justly decided all issues between them.

                                              Respectfully Submitted
                                              The Defendant,
                                              Transamerica Life Insurance Company,
                                              by its attorney,

                                              _____
                                              Thomas J. Delaney
                                              BBO# 550141
                                              Goddard, Scuteri & Delaney
                                              27 Congress Street
                                              Salem, MA 01970
Dated: July 27, 2005             (978) 745-620

# The State of New Hampshire

HILLSBOROUGH COUNTY                                     PROBATE COURT

IN RE: ESTATE OF MICHAEL E. FRITZ
DOCKET NUMBER 2002-423

## PETITION TO INTERPLEAD

Petitioner Name Transamerica Life Insurance Company          Telephone (319) 297-8140

Mailing Address 4333 Edgewood Road NE, Cedar Rapids, Iowa 52499

Attorney Name Vincent A. Wenners, Jr.                        Telephone (603) 669-3970

Mailing Address 84 Bay Street, Manchester, NH 03104

The petitioner states as follows:

1. That as of February 22, 2002, the decedent's variable annuity policy #804676, had a full value of $1,068,551.12

2. That the following amounts have been distributed to Rosemarie L. Fritz:
   (a)  $250,000.00   on   April 03, 2002
   (b)  $99,991.25    on   February 27, 2002
   (c)  $50,000.00    on   June 20, 2003

3. That the following each claim a right to the full value of the amount and dispute the rights of the other as the same: Rosemary T. Fritz of 16 Dearborn Street, Salem, Massachusetts 01970, and Rosemarie L. Fritz of 162 Amherst Street, P.O. Box 585, Amherst, New Hampshire 03031.

4. That the annuity has been and will continue to be subject to the variable market until all of the annuity funds are distributed.

The petitioner asks that the court grant the following:

(a) That the petitioner be allowed to interplead the remaining value of the decedent's Variable Annuity Contract in one lump-sum payment to this Honorable Court for disbursement and discharge the petitioner of any further liability under the contract;

(b) That the Court resolve the dispute between the claiming beneficiaries;

(c) And for such other and further relief as may be just.

Date: 3/29/04

_____
Vincent A. Wenners, Jr., -
Attorney for the petitioner

THE STATE OF NEW HAMPSHIRE
HILLSBOROUGH COUNTY         DATE 3-23-04

Subscribed and sworn to by the above named petitioner(s) that all matters herein contained are true to best of his/her/their knowledge and belief. Before me,

My Commission Expires _____
Affix Seal                                    Justice of the Peace/~~Notary Public~~

## ORDER

☐ Petition/motion is granted.

☐ Petition/motion is denied.

Date: _____        _____
                                                           Judge