UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C. A. NO:05-CV-11544-RWZ

ROSEMARY FRITZ,
    Plaintiff

v.

TRANSAMERICA LIFE INSURANCE
COMPANY,
    Defendant

## MOTION TO TRANSFER TO UNITED STATES DISTRICT COURT, DISTRICT OF NEW HAMPSHIRE

NOW COMES Plaintiff, Transamerica Life Insurance Company (Transamerica), and respectfully moves this Honorable Court to transfer the present action to the United States District Court, District of New Hampshire where a companion case is now pending that being Transamerica Life Insurance Company v. Estate of Michael Fritz, Civil Action No.: 05-CV-269-JD. In support thereof, Transamerica states as follows:

1. On March 23, 2003, Transamerica filed a Petition to Interplead in the Hillsborough County, New Hampshire, Probate Court. This case involved determining the proper beneficiary of a contract of insurance between decedent, Michael E. Fritz, and Transamerica, and named the two competing parties, Rosemary Fritz and Rosemarie Fritz.

2. On June 9, 2005, Rosemary Fritz filed an action against Transamerica involving

2

the same subject matter in Essex County, Superior Court, in Massachusetts with claims of Breach of Contract, Negligence, and seeking a Declaratory Judgment that she was the proper beneficiary of said insurance contract, but not naming Rosemarie Fritz as a party.

3. On June 22, 2005, the Hillsborough County Probate action was transferred to Hillsborough (N.H.) Superior Court by order of Raymond A. Cloutier, Judge of Probate.

4. On July 8, 2005, the Massachusetts state court litigation was removed to United States District Court, District of Massachusetts.

5. On July 22, 2005, the New Hampshire state court litigation was removed to United States District Court, District of New Hampshire.

6. Ultimately, consolidation of these two cases is in the interest of judicial economy and will prevent the needless waste of resources for all parties. These two cases involve the identical issue that being which of the two individuals claiming to be the intended named beneficiary of the proceeds of this policy is entitled to receive the benefits of the policy. These two cases will involve identical discovery which will include taking of depositions of identical witnesses who will offer testimony as to the same subject matter.

7. To enable a future consolidation, the Massachusetts litigation should be transferred to New Hampshire for the following reasons:

3

        a.) The contract at issue was executed in the state of New Hampshire.

        b.) The interpretation of the contract is governed by the law of New Hampshire.

        c.) The vast majority of witnesses reside in the State of New Hampshire

8.    Section 1407 (a) of Title 28 of United States Code states,

> "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." Section 1404 (a) of United States Code states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Fed. R. Civ. P. Rule 42 (a) states,

> "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

WHEREFORE, where two concurrent trials in adjoining districts with the same parties concerning the same issue of law and fact would occur absent a transfer, and where this issue originated in New Hampshire and is governed by the laws of New

4

Hampshire action, Transamerica prays that this Honorable Court will transfer this action to the United States District Court for the District of New Hampshire.

> Respectfully submitted,
> Transamerica Life Insurance Company
> By and through their attorney,
>
> _____
> Thomas J. Delaney
> Goddard, Scuteri, & Delaney
> 27 Congress Street, Suite 401
> Salem, MA 01970
> (978) 745-6200

Dated: August 31, 2005

## CERTIFICATE OF SERVICE

I, Thomas J. Delaney, Esq., attorney for the plaintiff, hereby certify that I have served a copy of foregoing by mailing same, postage prepaid, to:

Name of Document

    Motion to Transfer to United States District Court, District of New Hampshire.

Names and Addresses of Attorney of Record

Chris Winton-Henderson, Esq.
57 Wharf Street
Salem, MA 01970

James R. Knudsen, Esq.
200 Broadway, Suite 304
Lynnfield, MA 01940

Date of Service

    August 31, 2005

Signed under the pains and penalties of perjury this 29th day of August 2005.

_____
THOMAS J. DELANEY