UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY FRITZ,<br>      Plaintiff<br><br>v.<br><br>TRANSAMERICA LIFE INS. CO.,<br>      Defendant | C.A. NO. 05 – CV.– 11544 - RWZ |

**PLAINTIFF ROSEMARY FRITZ'S MEMORANDUM OF LAW
IN SUPPORT OF THE PLAINTIFF'S MOTION FOR JOINDER
OF ROSEMARIE FRITZ AS A DEFENDANT**

BACKGROUND

The Defendant, Transamerica Life Insurance Company, issued a variable annuity policy of insurance to Michael E. Fritz in March of 1992. The policy contemplated payments to a named beneficiary upon the death of Michael E. Fritz, who died on February 22, 2002.

Rosemarie Fritz is the biological mother of the deceased and Rosemary Fritz is the stepmother of the deceased. The deceased referred to his biological mother as "Ma" and to his stepmother as "Mom." Both Rosemary Fritz and Rosemarie Fritz claim that each is the named beneficiary and thus entitled to receive the policy funds valued at almost $1.1 millions at the time of Michael Fritz's death.

The named beneficiary is Rosemary L. Fritz and the relationship to the owner of the policy states "mom". The Defendant has referenced the beneficiary as "Rosemary" on all correspondences and documents, never Rosemarie, for over 10 years and even corresponded to "Rosemary" after Michael Fritz's death.

It was not until after Michael Fritz's death that Rosemarie Fritz contacted the Defendant and claimed that *her* name was misspelled, but failed to inform the Defendant that there was a living relative of the decedent, named Rosemary. The Defendant failed to follow proper protocol regarding a *change of beneficiary* or *change of spelling of beneficiary* and made a total of four disbursements to Rosemarie Fritz totaling $450,000.00, with the last payment being disbursed even after Rosemary Fritz had contacted the Defendant and informed them of her existence. It was not until after the Plaintiff, Rosemary Fritz, contacted the Division of Insurance that the Defendant, Transamerica, finally froze the annuity account and ceased all further payments to Rosemarie Fritz.

In March of 2004, the Defendant filed an Interpleader with the Hillsborough County Probate Court in New Hampshire regarding the remaining balance, excluding the previous monies already paid to Rosemarie Fritz. Rosemary Fritz filed a counterclaim against Transamerica for the total value of the annuity, including the funds previously paid to Rosemarie Fritz. The

Hillsborough County Probate Court dismissed Rosemary Fritz's counterclaim on April 11, 2005, due to lack of subject matter jurisdiction, stating that her counterclaim was a contract dispute and thus needed to be heard in an alternate forum, one with proper subject matter jurisdiction.

Rosemary Fritz therefore filed an action against the Defendant, Transamerica, in the Essex County Superior Court in the Commonwealth of Massachusetts on June 9, 2005, as her claim against the Defendant was not currently pending in any other Court.

On June 21, 2005, the Hillsborough Probate Court further recognized that it had no subject matter jurisdiction over the entire action, as it was a contract dispute and transferred said Interpleader action to the Superior Court in New Hampshire.

Rosemarie Fritz has had knowledge of Rosemary Fritz's lawsuit pending in Massachusetts since June, 2005, yet has failed to intervene as an indispensable interested party.

## DISCUSSION

The Federal Rules of Civil Procedure, Rule 19 states that persons needed for adjudication shall be joined and if the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper

case, an involuntary plaintiff, provided that said party is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action.

Rule 4(k) provides that service of a summons and complaint is effective to confer personal, or *in personam*, jurisdiction over any…..persons or entities joined to the lawsuit as third-parties, necessary parties, or indispensable parties [and] may be served with original process anywhere in the "bulge" region – within 100 miles of the place from where the summons issued (whether within or outside the State).

Absent a waiver of formal service, the federal courts may generally exercise personal jurisdiction over the following categories of parties who are served with process under either the *State Long-Arm Statutes, 100 Mile "Bulge" Rule, Federal Interpleader Statute, or Federal Long-Arm Statute*. Federal Rules of Civil Procedure, Rule 4(k). Here, Rosemarie Fritz resides in Amherst, New Hampshire at 162 Amherst Street, and the Summons and Complaint issues out of One Courthouse Way, Boston, Massachusetts, well within the 100 Mile Bulge Rule. (See Exhibit A – Mapquest mileage from Boston, MA to Amherst, NH – total distance – 63.55 miles)

Rule 19(a) further states that persons should be joined when their absence will either materially reduce the likelihood that the Court can provide

justice for those already parties or be detrimental to the non-parties themselves.

While "Rule 19 ... does not require the absent part to actually possess an interest, it only requires the movant to show that the absent party 'claims an interest relating to the subject of the action.'" *Davis v. United States*, 192 F3d. 951, 958 (10th Cir.1999). It is well established under Rule 19 that all claimants to a fund must be joined to determine the disposition of that fund. *In re Torcise,* 116 F. 3d 860, 865 (11th Cir. 1997).

In Angst v. Royal Maccabees Life Insurance Co., 77 F.3d 701 (3d Cir.1996) it states, "where the defendant insurance company is sued in both state and federal court and will have to pay into [two] escrow accounts for the same policy in two cases, [the interested party] should be joined under Rule 19 (a)(2)(ii)." *Id* at 705.

As a general rule, Courts construing contracts require that parties to the contract be joined. *Dawavendewa v. Salt River Project Agriculture Improvement & Power District*, 276 F.3d 1150 (9th Cir.2002). While Rosemarie Fritz is not an actual party to the contract regarding the variable annuity, she has claimed to have an interest in the annuity as a beneficiary. *Dawavendewa* further states that "an action to set aside a lease or contract

threatens non-party's interest in lease, thereby raising Rule 19(a)(2)." *Id.* at 1156-1157.

Furthermore, "where interpretation of a contract is involved, parties to that contract must be joined." *Harris Trust and Savings Bank v. Energy Assets International Corp.*, 124 F.R.D. 115, 117 (E.D.La 1989).

## CONCLUSION

Rosemarie Fritz is an interested party in the subject matter of this instant case, as well as, an indispensable party for she has claimed that she is the named beneficiary of the variable annuity. The Plaintiff, Rosemary Fritz, also claiming to be the named beneficiary, hereby requests that this Honorable Court join Rosemarie Fritz as a Defendant in accordance with the Federal Rules of Civil Procedure, Rule 19 and Rule 4(k).

Respectfully submitted,
Rosemary Fritz
Through her Counsel

Date: September 01, 2005

James R. Knudsen, Esq.
Wittenberg Knudsen
200 Broadway, Suite 304
Lynnfield, MA 01940
B.B.O.# 567358
781.599.4000 office
781.581.2650 fax

Chris Winton Henderson, Esq.
57 Wharf Street, Suite 3A
Salem, MA 01970
B.B.O.# 655321
978.741.4646 office
978.741.4696 fax

# MAPQUEST



EXHIBIT A

**START 1 Courthouse Way**
Boston, MA 02210-3002,
US

**END 162 Amherst St**
Amherst, NH 03031-2944,
US

**Total Est. Time:**
1 hour, 10 minutes

**Total Est. Distance:**
63.55 miles

| Maneuvers | Distance |
|---|---|
| **START 1:** Start out going NORTHWEST on NORTHERN AVE toward OLD NORTHERN AVE BRIDGE. | <0.1 miles |
| **2:** Turn LEFT onto SLEEPER ST. | <0.1 miles |
| **3:** Turn RIGHT onto SEAPORT BLVD / EVELYN MOAKLEY BRIDGE. | 0.1 miles |
| **4:** Turn RIGHT onto ramp. | 0.2 miles |
| **5:** Merge onto I-93 N. | 47.4 miles |
| **6:** Merge onto NH-101 W via the exit on the LEFT toward MANCHESTER AIRPORT / BEDFORD / MANCHESTER. | 14.8 miles |
| **7:** Take the exit toward RT-122 / AMHERST. | 0.1 miles |
| **8:** Turn RIGHT onto BABOOSIC LAKE RD. | <0.1 miles |
| **9:** Turn SLIGHT LEFT onto AMHERST ST. | 0.4 miles |
| **END 10:** End at **162 Amherst St** Amherst, NH 03031-2944, US | |

**Total Est. Time:** 1 hour, 10 minutes    **Total Est. Distance:** 63.55 miles

http://www.mapquest.com/directions/main.adp?cid=aolsrch&go=1&1a=One%20Courthous...    8/31/2005

## CERTIFICATE OF SERVICE

I, Chris Winton Henderson, Esq., hereby certify that on this date, September 01, 2005, I have served a copy of the Plaintiff's Motion, Memorandum, and Certification by first class mail, postage pre-paid, upon the counsel of record for the Defendant, Transamerica Life Insurance Company, at the following address:

Thomas J. Delaney, Esq.
GODDARD, SCUTERI & DELANEY
27 Congress Street
Salem, MA 01970

James R. Knudsen, Esq.
WITTENBERG-KNUDSEN
200 Broadway, Suite 304
Lynnfield, MA 01940

### Name of Documents

1. Plaintiff Rosemary Fritz's Motion For Joinder Of Rosemarie Fritz as a Defendant and Plaintiff Rosemary Fritz's Memorandum of Law
2. Plaintiff Rosemary Fritz's Memorandum of Law in Support of Rosemary Fritz's Motion for Joinder of Rosemarie Fritz as a Defendant
3. Plaintiff's Certification of Service

### Date of Service

September 01, 2005

Signed under the pains and penalties of perjury this 1st day of September, 2005.

_____
Chris Winton Henderson, Esq.