UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY FRITZ, et. al. ) | |
|     Plaintiff    ) | Civil Action No. 05-CV-11544-RWZ |
|         ) | |
| v.       ) | |
|         ) | |
| TRANSAMERICA LIFE INSURANCE ) | |
| COMPANY      ) | |
|     Defendant    ) | |

**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

Now comes the Plaintiff, Rosemary Fritz and respectfully opposes the Defendant Transamerica Life Insurance Company's ("Transamerica") Motion to Transfer to United States District Court, District of New Hampshire. As grounds therefor, the Plaintiff states that there is no case pending in the United States District Court, District of New Hampshire because on September 12, 2005, Transamerica v. Estate of Michael Fritz, Civil Action No. 05-CV-269-JD, was remanded to state superior court. The premise of Transamerica's motion, as stated in its prayers for relief at the opening of the motion and at closing, is that the case in Massachusetts should be transferred "to the United States District Court, District of New Hampshire where a companion case is now pending…." Transamerica argues that the transfer will "enable a future consolidation," and, "consolidation of these two cases is in the interest of judicial economy and will prevent the needless waste of resources for all

1

parties." Transamerica relies on multi-district litigation transfer provisions which are inapplicable, now that the New Hampshire case is no longer pending in that federal court after remand to state court.

In further support hereof, the Plaintiff states as follows: 1. the Plaintiff and her husband, who is a likely witness, reside in Massachusetts; 2. one of the most crucial witnesses (the person who heard Michael Fritz and wrote the name of the beneficiary, which purported ambiguity gives rise to this case) resides in Massachusetts and represented Fidelity out of a Boston office at the time of the signing of the annuity; 3. Transamerica has no witnesses with essential knowledge, and its representatives are not located in either state. Therefore, the Defendant's motion to transfer should be denied.

>                    Respectfully submitted,
>                    Rosemary T. Fritz,
>                    By her attorney,
>
>
>                    /s/ James R. Knudsen
>                    James R. Knudsen, Esq.
>                    BBO No. 567358
>                    Whittenberg Knudsen, LLP
>                    200 Broadway, Suite 304
>                    Lynnfield, MA 01940
>                    (781) 599-4000

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on September 14, 2005.

                                                   /s/
                                                 James R. Knudsen