# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ROSEMARY FRITZ,**<br>    **Plaintiff**<br><br>        v.<br><br>**TRANSAMERICA LIFE INSURANCE COMPANY and,**<br>**ROSEMARIE FRITZ,**<br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO.: 2005 – 11544 - RWZ** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. This is an action for Breach of Contract, Negligence, Interference with Contractual Relations, and Declaratory Judgment.

2. The Plaintiff, Rosemary Fritz, is an individual who resides in Salem, Massachusetts, in Essex County.

3. The Defendant, Transamerica Life Insurance Company, is an insurance company whose primary place of business is 4333 Edgewood Road, NE, Cedar Rapids, Iowa, and regularly conducts business within the Commonwealth of Massachusetts.

4. The Defendant, Rosemarie Fritz is an individual residing in Amherst, New Hampshire, in Hillsborough County.

5. The Defendant, Transamerica Life Insurance Company has a local office located at 140 Gould Street in Needham, Massachusetts.

6. A variable annuity policy application was executed by Michael E. Fritz on March 23, 1992.

7. At the time that Michael E. Fritz signed the application, he named Rosemary Fritz as the sole beneficiary.

8. The Defendant, Transamerica Life Insurance Company, breached said contract by making payments to someone other than the Plaintiff, Rosemary Fritz, and by refusing to recognize Plaintiff, Rosemary Fritz, as the beneficiary of the variable annuity ("the annuity").

9. Michael E. Fritz died on February 22, 2002, and at that time, the decedent's policy #804676 had a full value of $1,068,551.12, with Plaintiff, Rosemary Fritz still listed as the sole beneficiary.

10. Rosemarie Fritz claimed the annuity asset by filing a claim indicating that she was the beneficiary, knowing that the annuity listed Michael Fritz's step-mother Rosemary Fritz as the beneficiary.

### COUNT I (ROSEMARY FRITZ V. TRANSAMERICA) – BREACH OF CONTRACT

11. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-10 above.

12. The Defendant Transamerica Life Insurance Company owed the Plaintiff a contractual duty as a third-party beneficiary.

13. The Defendant, Transamerica Life Insurance Company, breached its contractual duty to the Plaintiff, Rosemary Fritz, when it disbursed funds from said variable annuity to Rosemarie Fritz, as follows:

    1) $250,000.00 on April 4, 2002
    2) $100,000.00 on February 27, 2003
    3) $ 50,000.00 on June 20, 2003
    4) $ 50,000.00 on September 10, 2003

### COUNT II (ROSEMARY FRITZ V. TRANSAMERICA) - NEGLIGENCE

14. The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-13 above.

15. The Plaintiff, Rosemary Fritz, states that the Defendant Transamerica Life Insurance Company was negligent when it disbursed funds for said variable annuity to someone other than the designated beneficiary.

16. The Plaintiff, Rosemary Fritz, states that the Defendant Transamerica Life Insurance Company was negligent when it failed to adhere to proper procedure and standard protocol when it disbursed funds from said annuity.

17. The Plaintiff, Rosemary Fritz, states that the Defendant Transamerica Life Insurance Company continued to negligently make improper payments to a third party, other than the designated beneficiary on the annuity, even after the Defendant Transamerica Life Insurance Company was notified in writing on behalf of the Plaintiff of the claim of Rosemary Fritz to the annuity as the designated beneficiary.

### COUNT III (ROSEMARY FRITZ V. BOTH DEFENDANTS)– DECLARATORY JUDGMENT

18. The Plaintiff, repeats, re-alleges, and incorporates by reference paragraphs 1-17 above.

19. The Defendant Transamerica Life Insurance Company has failed to recognize the Plaintiff, Rosemary Fritz, as the designated beneficiary.

20. The Defendant Rosemarie Fritz has claimed a right to the annuity proceeds.

21. The Plaintiff, Rosemary Fritz, states that the Defendant, Transamerica Life Insurance Co., was negligent and breached its contract when it disbursed funds from said variable annuity to someone other than the Plaintiff, Rosemary Fritz, who is the designated beneficiary.

22. The Plaintiff, Rosemary Fritz, states that the remaining balance, in addition to what has already been paid, is owed to the Plaintiff, Rosemary Fritz and the Defendant Transamerica Life Insurance Company has failed to comply with its contractual duty as it has not paid said monies to Rosemary Fritz, thereby, breaching its contractual duty to the Plaintiff.

23. The Plaintiff Rosemary Fritz asserts her rights as the rightful owner of the entire amount of the variable annuity proceeds, irregardless of wrongful disbursements to Rosemarie Fritz.

**COUNT IV (ROSEMARY FRITZ V. ROSEMARIE FRITZ)- INTERFERENCE WITH CONTRACTUAL RELATIONS**

24. The Plaintiff, repeats, re-alleges, and incorporates by reference paragraphs 1-23 above.

25. The Defendant Rosemarie Fritz knew of Rosemary Fritz's status as a third-party beneficiary of the annuity.

26. The Defendant Rosemarie Fritz interfered with the contractual relationship between Rosemary Fritz and Transamerica by claiming she was the beneficiary and failing to inform the Defendant Transamerica that Michael Fritz had a step-mother named Rosemary Fritz.

27. As the proximate result of Rosemarie Fritz's interference, the Defendant Transamerica Life Insurance Company has paid $450,000 of annuity proceeds to Rosemarie Fritz, has failed to recognize Rosemary Fritz as the rightful beneficiary, and has failed to distribute the remaining proceeds to Rosemary Fritz.

**WHEREFORE,** the Plaintiff, Rosemary Fritz, is entitled to a Declaratory Judgment that she is the rightful beneficiary of the variable annuity contract and demands judgment against both defendants, damages, attorney's fees, and costs, together with statutory interest thereon

**THE PLAINTIFF REQUESTS A JURY TRIAL.**

    Respectfully Submitted,
    Rosemary Fritz,
    By Her Attorney,

    /s/James R. Knudsen
    James R. Knudsen, Esq.
    Whittenberg Knudsen, LLP
    BBO #567358
    200 Broadway, Suite 304
    Lynnfield, MA  01940
    (781) 599-4000