UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C. A. NO:05-CV-11544-RWZ

ROSEMARY FRITZ,

Plaintiff / Defendant-in-Counterclaim

v.

TRANSAMERICA LIFE INSURANCE COMPANY,

Defendant, Plaintiff-in-Counterclaim,
Plaintiff-in-Crossclaim

ROSEMARIE FRITZ

Defendant/Defendant-in-Counterclaim

## ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM AND CROSS-CLAIM

Now comes the Defendant, Transamerica Life Insurance Company, and for answer to the plaintiff's complaint states as follows:

1. The Defendant admits that the plaintiff has plead an action sounding in Breach of Contract, Negligence and Declaratory Judgment, but denies that pleading an action in this manner is proper.

2. The defendant admits the allegations contained in this paragraph.

3. The defendant admits the allegations contained in this paragraph.

4. The defendant is without sufficient information to form a belief as to the allegations contained in this paragraph and calls upon the plaintiff to prove same.

2

5. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

6. The defendant admits the allegations contained in this paragraph.

7. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

8. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

9. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

10. The defendant admits that Rosemarie Fritz made a claim but denies the remaining allegations contained in this paragraph and calls upon plaintiff to prove same.

## COUNT I
### Breach of Contract  v. Transamerica

11. The defendant repeats and reaffirms its answer to the preceding paragraphs of this complaint as if fully set forth herein.

12. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

13. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

## COUNT II
### Negligence v. Transamerica

14. The defendant repeats and reaffirms its answer to the preceding paragraphs of this complaint as if fully set forth herein.

15. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

16. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

17. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

## COUNT III

### Declaratory Judgment v. Transamerica and Rosemarie Fritz

18. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

19. The defendant admits the allegations contained in this paragraph.

20. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

21. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

22. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

23. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

## COUNT IV
### Interference with Contractual Relations v. Rosemarie Fritz

24. The defendant, Transamerica Life Insurance Company, does not answer Count IV of the plaintiff's complaint which solely addresses the conduct of the defendant, Rosemarie Fritz. To the extent any allegation is intended to be addressed to the defendant, Transamerica Life Insurance Company, it is denied.

**FIRST AFFIRMATIVE DEFENSE**

The Defendant states that the plaintiff's complaint fails to state a cause of action upon

4

which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant states that the plaintiff's Complaint fails to comply with the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

The Defendant states that the actions plead by the plaintiff herein are already the subject of a civil suit now pending in the courts of the State of New Hampshire which civil suit is in the process of being transferred from the Hillsborough County Probate Court, Docket No.: 2004-781 to the Hillsborough County Superior Court.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant denies each and every material allegation contained in the Plaintiff's complaint not otherwise unequivocally admitted in the Defendant's answer.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant states that the negligence of the Plaintiff was greater than that of the Defendant and accordingly, the Plaintiff is barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant states that the negligence of the Plaintiff is such that his damages should be diminished pursuant to the provisions of M.G.L.A. Chapter 231, Section 85.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff is guilty of latches in the bringing of this action and the Defendant has been prejudiced thereby.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that notice was a condition precedent by the Plaintiff to the maintenance of this action, which notice requirement was not complied with by the Plaintiff and, accordingly, the Plaintiff cannot maintain this action.

5   Cross-Claim

WHEREFORE, the defendant, Transamerica Life Insurance Company, hereby petitions that this Honorable Court to dismiss the plaintiff's Amended Complaint and to award the defendant costs, attorneys fees and any other relief that this Honorable Court deems just and appropriate.

## COUNTERCLAIM/CROSS-CLAIM

### PARTIES

1. The plaintiff-in-counterclaim/cross claim, Transamerica Life Insurance Company, is a duly licensed company with a principle place of business in the state of Iowa.

2. The defendant-in-counterclaim, Rosemary Fritz, upon information and belief is an individual who resides in The Commonwealth of Massachusetts.

3. The defendant-in-cross-claim, Rosemarie Fritz, upon information and belief, is an individual who resides in the State of New Hampshire.

### FACTS

4. Michael E. Fritz, owned an annuity account issued by Transamerica, contract # 07-804676, policy date March 25, 1992.

5. Michael E. Fritz died on February 22, 2002.

6. The annuity provides for a death benefit to be paid to the beneficiary.

7. Transamerica presently holds funds which constitute a portion of the death benefit

8. Transamerica is ready, willing and able to transfer the funds that it holds to the beneficiary.

9. Rosemary Fritz and Rosemarie Fritz both claim to be the beneficiary.

6

## COUNT I
(Interpleader)

10. Transamerica repeats and reaffirms the allegations contained in paragraphs one through nine as if set forth fully herein.

11. Transamerica files this action in interpleader on grounds that it is prepared to tender the funds that it holds to the individual determined by this Honorable Court to be the beneficiary named in the policy

WHEREFORE, the plaintiff-in counterclaim/ cross-claim, Transamerica Life Insurance Company, petitions this Honorable Court to issue an order that determines which individual is named as the beneficiary on the policy at issue and that authorizes Transamerica Life Insurance Company to transfer all funds that it holds on behalf of the beneficiary to that individual together with an award of costs and attorney's fees in favor of Transamerica Life Insurance Company.

Respectfully submitted,
Transamerica Life Insurance Company
By and through their attorney,

_____
Thomas J. Delaney
Goddard, Scuteri, & Delaney
27 Congress Street, Suite 401
Salem, MA 01970

Dated: December 20, 2005                    (978) 745-6200

## CERTIFICATE OF SERVICE

I, Thomas J. Delaney, Esq., attorney for the plaintiff, hereby certify that I have served a copy of foregoing by mailing same, postage prepaid, to:

Name of Document

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM AND CROSS-CLAIM

Names and Addresses of Attorney of Record

Chris Winton-Henderson, Esq.
57 Wharf Street
Salem, MA 01970

James R. Knudsen, Esq.
200 Broadway, Suite 304
Lynnfield, MA 01940

John J. Cronin, III, Esq.
Greenfield Road
Benington, NH 03442

Date of Service

December 21, 2005

Signed under the pains and penalties of perjury this 21st day of December 2005.

THOMAS J. DELANEY