UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO: 05-CV-11544-RWZ

*********************************
ROSEMARY FRITZ,                                    *
                                                                      *
Plaintiff/Defendant-in-Counterclaim/Cross- *
Claim                                                              *
                                                                      *
v.                                                                  *
                                                                      *
TRANSAMERICA LIFE INSURANCE        *
COMPANY,                                                   *
                                                                      *
Defendant,                                                   *
                                                                      *
ROSEMARIE FRITZ                                   *
                                                                      *
Defendant/Plaintiff in Counterclaim/Cross- *
Claim                                                              *
*********************************

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM/CROSS-CLAIM

Now comes the Defendant, Rosemarie L. Fritz, and answers Plaintiff's **First Amended Complaint** as follows:

1. The Defendant admits that the Plaintiff has filed an action pleading Breach of Contract, Negligence and Declaratory Judgment; however, Defendant denies Plaintiff's pleadings are properly before this Court.

2. The Defendant admits the allegations contained in this paragraph.

3. The Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

4. The Defendant admits the allegations contained in this paragraph.

1

5. The Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations contained within this paragraph and calls upon the Plaintiff to prove those allegations.

6. The Defendant admits the allegations contained in this paragraph.

7. The Defendant denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

8. The Defendant denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

9. The Defendant admits that Michael E. Fritz died on February 22, 2002 and that his annuity policy had a value of $1,068,551.12 but otherwise denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

10. The Defendant denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

## COUNT I
### Breach of Contract v. Transamerica

11 The Defendant repeats and reaffirms her answers to the preceding paragraphs of this complaint as if fully set forth herein.

12. The Defendant, Rosemarie L. Fritz, does not answer Count I of the Plaintiff's Complaint as it alleges conduct of the Defendant, Transamerica Life Insurance Company.

## COUNT II
### Negligence v. Transamerica

13. The Defendant repeats and reaffirms her answers to the preceding paragraphs of this complaint as if fully set forth herein.

14. The Defendant, Rosemarie L. Fritz, does not answer Count II of the Plaintiff's Complaint which alleges conduct of the Defendant, Transamerica Life Insurance Company.

## COUNT III
### Declaratory Judgment v. Transamerica and Rosemarie L. Fritz

15. The Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

16. The Defendant admits the allegations contained in paragraph 19 of the Plaintiff's Complaint.

17. The Defendant admits that she has a right to the annuity proceeds but otherwise denies the allegations contained in paragraph 20 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

18. The Defendant, Rosemarie L. Fritz, does not answer paragraph 21 of the Plaintiff's Complaint which alleges conduct of the Defendant, Transamerica Life Insurance Company.

19. The Defendant, Rosemarie L. Fritz, does not answer paragraph 22 of the Plaintiff's Complaint which alleges conduct of the Defendant, Transamerica Life Insurance Company. To the extent any allegation is intended to be addressed to, or of the conduct of the Defendant, Rosemarie L. Fritz, it is denied and the Defendant calls upon the Plaintiff to prove those allegations.

20. The Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

## COUNT IV
### Interference with Contractual Relations v. Rosemarie Fritz

21. The Defendant repeats and reaffirms her answers to the preceding paragraphs of this complaint as if fully set forth herein.

22. The Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

23. The Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

24. The Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

### FIRST AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's Complaint fails to set forth the cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's Complaint is barred by the doctrine of collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff is guilty of latches in filing the instant action resulting in prejudice to the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's Complaint is barred by the Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant states that the negligence of the Plaintiff was greater than that of the Defendant and therefore, the Plaintiff cannot recover.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant states that the Complaint of the Plaintiff before this Honorable Court is already being litigated in a civil suit presently pending in the Superior Court of Hillsborough County Northern District in the State of New Hampshire, Docket # 05-E-0298. The New Hampshire State Court has already conducted a pre-trial conference and issued discovery orders as well as scheduling that matter for trial on May 11, 2006.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant specifically denies any material allegations contained in Plaintiff's Complaint which may have not been previously admitted to by the Defendant in this Answer.

WHEREFORE, the Defendant, Rosemarie L. Fritz, by and through her attorney, hereby prays:

   A.   The Plaintiff's First Amended Complaint be dismissed with prejudice.

   B.   That the Plaintiff be ordered to pay the Defendant's costs, including reasonable attorney's fees, which she has incurred in defending the instant action.

   C.   For other and further relief as justice may require.

## COUNTERCLAIM/CROSS-CLAIM

### PARTIES

1. Rosemarie L. Fritz the Plaintiff in this Counter Claim/Cross-Claim is an individual who resides in Amherst, New Hampshire.

2. The Defendant in Counter Claim/Cross-Claim, Rosemary T. Fritz, upon information and belief, is an individual who resides in Salem, Massachusetts.

3. Transamerica Life Insurance Company is an entity, upon information and belief, that is duly licensed with a principal place of business in the State of Iowa.

## FACTS

4. Michael E. Fritz purchased an annuity through Fidelity Investments in Amherst, NH on March 23, 1992. Annuity policy # 804676 was issued on or about March 25, 1992.

5. Rosemarie L. Fritz is the natural mother of Michael E. Fritz.

6. Rosemary T. Fritz is the stepmother to Michael E. Fritz.

7. Michael E. Fritz died on February 22, 2002. The annuity contract provides for a death benefit to be paid to the named beneficiary.

8. Rosemarie L. Fritz and Rosemary T. Fritz both claim to be the beneficiary.

9. At the time that Michael E. Fritz purchased the annuity contract, an application was completed. The application listed "Rosemary L. Fritz" as the beneficiary and that the relationship between the beneficiary and the applicant was "Mom".

10. At the time that the application was completed, the following individuals were present with Michael E. Fritz: Allan S. McCausland, a financial advisor; Joseph F. Vittek, Jr., Esquire, Michael's attorney; Phillip J. Monagle, Michael's stepfather; Rosemarie L. Fritz, Michael's natural mother and Allison McCusker a representative from Fidelity Investments.

11. Rosemary T. Fritz, the Defendant in Counter Claim/Cross-Claim became aware of the details of the annuity contract #804676 on or about February 2002.

12. The Defendant in Counter Claim/Cross-Claim, Rosemary T. Fritz and her husband, John E. Fritz, contested the probating of Michael E. Fritz's estate by objecting to the appointment of the executor named in the will; objecting to the inventory that was filed; and, objecting to the first and final account filed by the executor.

13. The Hillsborough County New Hampshire Probate Court overruled all of the objections of John E. Fritz and Rosemary T. Fritz.

## COUNT I

14. Rosemarie L. Fritz repeats and reaffirms all the allegations set forth in paragraphs 1 through 13 in the Counter Claim/Cross-Claim as if fully set forth herein.

15. Rosemarie L. Fritz files this Counter Claim/Cross-Claim on the grounds that the Defendant in Counter Claim/Cross-Claim, Rosemary T. Fritz's claim before this Court is frivolous, contrary to the facts which she knew or should have known and/or is vindictively motivated

WHEREFORE, Rosemarie L. Fritz, by and through her attorney, respectfully prays:

    A.    That this honorable Court award the death benefits under annuity account # 804676 to Rosemarie L. Fritz.

    B.    That this Court order Rosemary T. Fritz to pay Rosemarie L. Fritz's reasonable costs, including attorneys fees occasioned by the Defendant in Counter Claim/Cross-Claim alleging that she has a right to the full value of the variable annuity policy # 804676.

    C.    For such other and further relief as justice may require.

                                   Defendant Rosemarie L. Fritz
                                   By her attorney,

                                   Thomas A. Pursley
                                   BBO # 553241
                                   CORNELL & GOLLUB
                                   75 Federal Street
                                   Boston, MA 02110
                                   (617) 482-8100

### CERTIFICATE OF SERVICE

       I, Thomas A. Pursley, attorney for the Defendant Rosemarie L. Fritz, hereby certify that on the 29th day of December, 2005, a true copy of the foregoing Answer to Plaintiff's First Amended Complaint and Counterclaim/Cross-claim was served by mail, postage prepaid, directed to:

Chris Winton-Henderson, Esq.                    James R. Knudsen, Esq.
57 Wharf Street                                            200 Broadway, Suite 304
Salem, MA 01970                                         Lynnfield, MA 01940

Thomas J. Delaney, Esq.
Goddard, Scuteri & Delaney
27 Congress Street
Salem, MA 01970

                                                               Thomas A. Pursley