UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C. A. NO:05-CV-11544-RWZ

ROSEMARY FRITZ,

Plaintiff / Defendant-in-Counterclaim

v.

TRANSAMERICA LIFE INSURANCE
COMPANY,

Defendant, Plaintiff-in-Counterclaim,

ROSEMARIE FRITZ

Defendant/Plaintiff-in-Counterclaim

## DEFENDANT, TRANSAMERICA LIFE INSURANCE COMPANY'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR
## LACK OF VENUE

### INTRODUCTION

This dispute involves three parties. Transamerica Life Insurance Company issued

an annuity policy to Michael Fritz on March 23, 1992. The other two parties are

Rosemary Fritz and Rosemarie Fritz, both of whom claim to be the named beneficiary on

the policy and entitled to the policy funds upon the death of Michael Fritz, who died on

February 22, 2002.

2

Following the death of Michael Fritz, Rosemarie Fritz, the natural mother of Michael Fritz, filed a claim for the policy benefits. Transamerica Life paid a portion of the policy funds to Rosemarie Fritz based upon its good faith belief that she is the named beneficiary of the policy.

Thereafter, Rosemary Fritz, the stepmother of Michael Fritz, also filed a claim for benefits alleging that she was the named beneficiary.

Thereafter, Transamerica Life filed an Interpleader action in the New Hampshire state courts. Rosemary Fritz filed counterclaims alleging negligence and breach of contract by Transamerica Life. These matters remain pending before the New Hampshire state courts.

On or about June 9, 2005, Rosemary Fritz filed a second suit in the Massachusetts state court system naming only one Defendant, Transamerica Life Insurance Company as a Defendant. Thereafter, Transamerica removed this matter to the United States District Court for the District of Massachusetts. Thereafter, Rosemary Fritz moved to join Rosemarie Fritz as a party to this suit which motion was allowed. Rosemarie Fritz filed her Answer on December 29, 2005.

## FACTS

1.) Michael Fritz, a lifelong New Hampshire resident, had been involved in an accident in 1986 wherein he suffered personal injuries ( Exhibit 1, Affidavit of Joseph Vitteck, Sr. p.2)

2.) After Mr. Fritz' personal injury case settled , Mr. Vitteck, a New Hampshire

3

attorney, began to assist Mr. Fritz relative to financial planning matters. (Exhibit 1, Affidavit of Joseph Vitteck, Sr. p.2)

3.) In 1991, Mr. Vittek contacted Allan McCausland, a financial analyst, seeking advice. Mr. McCausland's business was based in New Hampshire. Mr. McCausland scheduled a meeting with a Fidelity Funds representative, Allison McCusker which occurred in October 1991 at Mr. Fritz' residence in Amherst, New Hampshire. Mr. Fritz lived with his natural mother, Rosemarie Fritz and her then fiancée, Phillip Monagle.( Exhibit 1: Affidavit of Joseph Vittek Jr. p.2,3; Exhibit 2: Affidavit of Allan S. McCausland P.1,2)

4.) A second meeting was held on March 23, 1992 Mr. Fritz' New Hampshire residence. ( Exhibit 1: Affidavit of Joseph Vittek Jr. p.3; Exhibit 2: Affidavit of Allan S. McCausland P.2)

5.) The March 23, 1992 meeting included :

   a.) Michael Fritz
   b.) Rosemarie L. Fritz (Michael's natural mother)
   c.) Phillip J. Monagle (Rosemarie Fritz' fiancee)
   d.) Joseph Vittek, Jr. ( Michael Fritz's attorney)
   e.) Allan McCausland ( Michael Fritz' financial advisor)
   f.) Allison McCusker (agent of Fidelity Fund)

   (Exhibit 1: Affidavit of Joseph Vittek Jr. p.3; Exhibit 2: Affidavit of Allan S. McCausland P.2)

6.) Everyone sat at the dining room table except Michael's mother who sat nearby. (Exhibit 1: Affidavit of Joseph Vittek Jr. p.3; Exhibit 2: Affidavit of Allan S. McLousand P.2)

7.) Michael Fritz decided to purchase a variable annuity. Allison McCusker began to fill out the application. " Allison filled out the first part of the form then asked Michael who would be the beneficiary. He said 'my mom' and nodded over his shoulder towards her in the other room. Rosemarie then came over to the table and gave her name as Rosemarie L. Fritz. However, apparently Allison thought she said Rosemary L. Fritz and none of us noticed the misspelling as the paper was passed around for signature."( Affidavit of Joseph Vittek, Jr. P.3)

4

8.) The plaintiff, Rosemarie Fritz, is a resident of the Commonwealth of Massachusetts (Exhibit 3: Amended Complaint paragraph 2)

9.) Transamerica Life Insurance Company issued the annuity policy in question. Transamerica Life Insurance Company is a corporation with a principle place of business in the Sate of Iowa. ( Exhibit 3: Amended Complaint Paragraph 3; Exhibit 4: Transamerica's Answer , Paragraph 3)

10.) The Defendant, Rosemarie Fritz, is a resident of the State of New Hampshire. (Exhibit 3: Amended Complaint, Paragraph 4; Exhibit 5: Rosemarie Fritz's Answer paragraph 4)

## LAW

28 U.S.C. 1391 provides:

a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced if there is no district in which the action may otherwise be brought.

## ARGUMENT

1.) Venue is not proper pursuant to 28 USC 1391(a)(1)

Venue can only be established pursuant to 28 USC 1391 (a)(1) if all defendants

reside in the same state, in which case venue is appropriate in the judicial district

5

where the defendants reside. Here, the Defendants do not both reside in the

District for Massachusetts. It is undisputed that Rosemarie Fritz is a longstanding

resident of the State of New Hampshire.

2.) <u>Venue is not proper pursuant to  28 USC 1391 (a)(2)</u>

Venue is only appropriate in the District of Massachusetts  pursuant to 28 USC

1391 (a) (2), if it can be established that "a substantial part of the events…. giving

rise to the claim" occurred in the District of Massachusetts.

Here, there is no evidence that a substantial part of the events giving rise to the

claim occurred in the District of Massachusetts. Rather, the evidence is:

> a.) The applicant, Michael Fritz resided in the state of New Hampshire
>
> b.) The applicant's attorney practiced law in the State of New Hampshire.
>
> c.) The applicant's financial advisor had a principle place of business in the
> State of New Hampshire.
>
> d.) The meeting to draft the application for the annuity policy occurred in
> the State of New Hampshire.
>
> e.) The policy was issued by an Iowa insurer.
>
> Here, it is a readily apparent that a substantial part of events giving  rise
> to the claim did not occur within the District of Massachusetts.

3.) <u>Venue is not proper pursuant to 28 USC 1391 (a)(3)</u>

28 USC 1391 (a)(3)  allows for venue in the District of Massachusetts where

6

personal jurisdiction is appropriate in the District of Massachusetts and there is no district in which the action may otherwise be brought.

Here, assuming personal jurisdiction within the District of Massachusetts is appropriate, there is a district in which the action may otherwise be brought. Proper venue lies in the District of New Hampshire and the action should properly be brought there.

## CONCLUSION

Inasmuch as venue in the District of Massachusetts is not proper, this matter should be dismissed. The plaintiff may file this matter in the proper venue, The District of New Hampshire, should the defendant desire to do so. The plaintiff may also elect to simply have the matter decided by the New Hampshire state court where the matter has been fully discovered and stands ready for trial.

Respectfully submitted,
Transamerica Life Insurance Company
By and through their attorney,

Thomas J. Delaney
BBO#550141
Goddard, Scuteri, & Delaney
27 Congress Street, Suite 401
Salem, MA 01970
Dated: February 15, 2006          (978) 745-6200

## CERTIFICATE OF SERVICE

I, Thomas J. Delaney, Esq., attorney for the plaintiff, hereby certify

that I have served a copy of foregoing in-hand:

Name of Document

- DEFENDANT, TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION TO DISMISS FOR LACK Of VENUE

- DEFENDANT, TRANSAMERICA LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF VENUE

- CERTIFICATE OF SERVICE

Names and Addresses of Attorney of Record

Chris Winton-Henderson, Esq.            James R. Knudsen, Esq.
57 Wharf Street                         200 Broadway, Suite 304
Salem, MA 01970                         Lynnfield, MA 01940

John J. Cronin, III, Esq.               Thomas A. Pursely, Esq
Greenfield Road                         Cornell & Gollub
Benington, NH 03442                     75 Federal Street
                                        Boston, MA 02110

Date of Service

February 16, 2006

Signed under the pains and penalties of perjury this 16th day of

February 2006.

_____
THOMAS J. DELANEY

**EXHIBIT 1**

STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY                                    PROBATE COURT

Transamerican Life Insurance
v
Estate of Michael E. Fritz, et al.
#2004-781



### AFFIDAVIT OF JOSEPH F. VITTEK, JR.

I, Joseph F. Vittek, Jr., having been duly sworn, state as follows:

### Professional Background and Education

I graduated from the Massachusetts Institute of Technology in 1962 with a B.S. Degree in Mathematics (Computer Science). I worked as an engineer for MIT and Honeywell from 1962 to summer of 1963, when I started work for Honeywell until 1966.

In 1966, I left Honeywell and once more worked at the MIT Instrumentation Laboratory as Director of Software for the first manned Apollo mission and then as Director of Software for the Navy Deep Sea Rescue Vehicle program.

In 1967, I started attending Suffolk University Law School at night while continuing to work full time.

In 1970, while still attending Suffolk, I became a faculty and research member of its Department of Aeronautics and Astronautics, serving as the Deputy Director of the Flight Transportation Laboratory.

In 1971, I graduated from Suffolk at the top of my class and received a graduate fellowship, which I used to fund my work at Harvard Law School, receiving my LLM degree in 1973.

I was admitted to the Massachusetts Bar in 1971, and had a limited practice there until the mid-1980s, when I became inactive.

From 1976 to 1979, I was a full professor at the Franklin Pierce Law Center, while continuing to teach at MIT part-time. In 1977, I began a part-time practice in New Hampshire. In 1979, I began practicing full time in New Hampshire while I continued to teach at MIT as a lecturer in its Sloan School of Management until 1986. I also served as a Civil Master in the New Hampshire Superior Court from approximately 1982 to 1985.

I am still a member in good standing of the New Hampshire bar and continue to practice law in New Hampshire at this time.

### Relationship with the Fritz/Monagle Family

While working at the MIT Instrument Laboratory in 1962, I became friends with Raymond Ausrotas and his wife, Kitty. Kitty Ausrotas is the sister of Phillip Monagle. I have retained my friendship with Ray in particular since that time, although it has become a case of an annual e-mail bringing each other up to date on family, etc.

At some point in 1980, Mr. Monagle's other sister, Linda LaChance, who lived in New Hampshire, needed some legal advice. Apparently, Raymond Ausrotas recommended the family contact me since I was now practicing in New Hampshire. I had never met nor talked to Mr. Monagle prior to the time he called me and asked me to help his sister. The representation was limited to a few calls with Ms. LaChance. I did not represent Mr. Monagle in any way.

I first represented Mr. Monagle in 1981 regarding a possible subdivision and gravel pit operation. Contact was limited to a few phone calls.

In 1983, I represented Margaret Riggi, Rosemarie Fritz's mother, in a civil matter in Massachusetts, where I maintained my active practice until approximately 1985, when I became an inactive member of the Massachusetts bar.

I had no contact with any other relative or family member until 1986, when I received a call from Mr. Monagle regarding Michael Fritz's accident. He asked for a possible referral and was sent to what was then Brown and Nixon in Manchester.

I had no further contact regarding this matter until 1991, when Michael's injury law suit was settled. At that point, Mr. Monagle requested my assistance in financial planning for Michael. I contacted Allan McCausland, who is a well-known financial analyst. He then arranged for us to meet with a representative of Fidelity Funds, Allison McCusker, in October of 1991. After a number of phone calls between the parties, a second meeting was held in March, 1992, to finalize the provisions of the Annuity. That meeting will be described later. In 1991, I also represented Michael with respect to the purchase of a large tract of partially developed land in Francestown.

In 1992, I advised Michael with respect to a loan he was considering to his brother, John R. Fritz and his wife, Lisa Fritz. That same year, I assisted Michael with the purchase of his home on Horace Greeley Road.

I had no further contact until 1996, when Michael purchased a convenience store and the associated real estate.

In 1997, I set up the corporations which operated the businesses and also represented Michael with respect to the purchase of property on Webster Lake in Franklin, New Hampshire.

In 1998, Michael was about to take a trip and wanted me to prepare a will. It was a few days before he was to leave and I advised him that there could be tax consequences with the will as drawn. He was most concerned about certain people having specific property. This is the first time I knew Michael had a step-mother, Rosemary Fritz. He agreed as soon as he returned from the trip, we would meet with a tax expert to revise the will. Materials were forwarded to Atty. Daniel Connolly, but Michael never followed up after several reminders.

Throughout 1998 and 1999, there was an on-going problem with respect to the land in Francestown, primarily related to access roads and the subdivision of the land for a house lot for Michael's brother, John R. Fritz, which was finally resolved.

In 1999, I also represented Phillip Monagle with respect to a civil matter in the Milford District Court.

Also in 1999, Michael contacted me with regard to a loan his natural father requested for use in his business. Again, there was no mention of his step-mother.

In 2001, on the verge of another trip, I prepared a Codicil for Michael, again with the advice we seek tax counsel, which was never acted upon.

In 2002, I opened Michael's estate, then jointly represented the estate with Atty. Daniel Connolly who was called in because of the tax issues. After Atty. Connolly appeared, my relationship with the estate has limited to bookkeeping and representation with respect to the disposition of the various assets, particularly the real estate assets which were sold.

### The Meeting Regarding the Annuity

On March 23, 1992, I met with Allan McCausland, an agent from Fidelity Fund, Allison McCusker, Phillip Monagle and Michael Fritz. Rosemarie Fritz was on the far side of the L-shaped combined living/dining/kitchen and did not participate in any of the investment discussions. The remaining parties were seated at the dining table between the living area and the kitchen. Allan McCausland was at the 2 o'clock position, Allison McCusker at 4 o'clock, Michael Fritz at 8 o'clock and Phillip Monagle at 10 o'clock. I was seated at 6 o'clock.

The discussion started with Allan discussing Michael's possible future medical needs and how that required a fairly conservative investment posture. Allison then discussed some of the options available through Fidelity. A general discussion followed with Michael, Phillip and myself asking questions. Finally, the variable annuity option was selected.

Allison filled out the first part of the form, then asked Michael who would be the beneficiary. He said "my Mom" and nodded over his shoulder toward her in the other

room. Rosemarie then came over to the table and gave her name as Rosemarie L. Fritz. However, apparently, Allison thought she said Rosemary L. Fritz and none of us noticed the misspelling as the paper was passed around for signature.

Allison and Allan then left and the four of us remaining talked with Michael about careful use of his money, possibly going back to school and similar matters. Neither his father nor step-mother were mentioned at any point during the meeting or the discussion that followed. As stated above, I never heard Michael mention he even had a step-mother until I prepared his original will in 1998.

Conclusion

There is no doubt in my mind that his intention was to make his natural mother, Rosemarie L. Fritz, the beneficiary of the annuity that is the subject of this law suit. His reference and gesture toward his "Mom" at the time the application was being filled out were clear signs that Rosemarie was the person he intended as beneficiary. In all the years I represented him, Michael never mentioned his step-mother in any way or capacity except at the time he prepared his will.

March 24, 2005

Respectfully submitted

Joseph F. Vittek, Jr.

Merrimack County, New Hampshire

This Affidavit has been sworn to and acknowledged before me on March 24, 2005, by Joseph F. Vittek, Jr.

Notary Public/Justice of the Peace

Print name _____

My commission expires _____

LINDA L. CHATEAUNEUF
★ NOTARY PUBLIC - NEW HAMPSHIRE ★
My Commission Expires January 26, 2010

**EXHIBIT 2**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY

COPY

PROBATE COURT

Docket #2004-781

Transamerica Life Insurance Co.

v.

Estate of Michael E. Fritz, et al

AFFIDAVIT OF ALLAN S. McCAUSLAND, Ph.D.

I, Allan S. McCausland, having been duly sworn, state as follows:

1.    I believe in the nature and the quality of an oath.

2.    I am currently the principal of McCausland Economic Associates, LLC, located at 824 Main Street in Contoocook, New Hampshire, where I have specialized in Labor Economics, Labor Arbitration and Mediation; Financial Consulting including Business Valuations; and Economic Analysis of Personal and Commercial damages since 1976. I served as a Professor of Economics and Finance from 1969 to 1983, at colleges and universities. I have a Ph.D. from Clark University in Worcester, Massachusetts, where I studied Economics and did my doctoral dissertation work in Economics. I have an M.A. in Economics, specializing in Labor Economics and Finance, from the Whittemore School of Business and Economics at the University of New Hampshire in Durham, New Hampshire.

3.    In October of 1991 I was referred to Michael E. Fritz by Joseph F. Vittek, Jr., Esquire of Franklin, New Hampshire.

4.    Michael E. Fritz had received a significant settlement as the result of a construction site accident, which rendered him a paraplegic.

5.    In October of 1991 I entered into a FINANCIAL CONSULTING SERVICES AGREEMENT with Michael E. Fritz at the request of his step father, Mr. Philip Monagle, and Attorney Vittek, to help him establish a financial plan to meet his needs.

6.    I assisted Michael, through Mr. Monagle (his step father), during the latter part of 1991 and 1992 in structuring various investments, taking into account his particular situation and personal requirements. Mr. Monagle was extremely helpful in the process. Mr. Monagle coordinated all of the leg work in getting information to me and arranging a meeting.    All contact and correspondence in the case was through Mr. Monagle. Michael E. Fritz was young and lacked financial experience; and was away at school, Keene State College, a good deal of the time. Mr. Monagle possessed a better than average understanding and knowledge of financial and investment strategies. Mr. Monagle helped Michael focus on his needs and the necessity of a plan.

7.    In 1991 and the early part of 1992 I was aware that Michael E. Fritz lived with his mother and Philip Monagle in Amherst, New Hampshire. I was unaware that Michael had a step-mother. It was not until sometime after Michael died that I first learned that Michael had a step-mother.

8.    In October of 1991 I arranged for the first meeting with a representative from Fidelity Investments, Ms. Alison McCusker, at Michael's home in Amherst, NH.

9.    The first meeting took place on October 31, 1991, 9:30 AM. Present at the meeting were Michael, Philip Monagle, Alison McCusker, Rosemarie Fritz (Michael's mother), Atty. Vittek, and myself. All of us sat at the dining room table, with the exception of Michael's mother, who was seated in the area immediately adjacent to the dining table. A second meeting took place at Michael's home on March 23, 1992 to finalize the investment plan.

10.   The representative of Fidelity, Ms. McCusker, filled out the annuity application. She would ask questions of Michael, and Michael's responses were written down on the form.

11.   As of the date of this AFFIDAVIT, I do not recall what Michael said in response to being asked who would be the beneficiary of the annuity that would be established. Nor do my notes reflect who would be the beneficiary of the annuity.

12.   I am absolutely certain that the beneficiary of the annuity had to have been a person with whom I was familiar with relative to Michael's case. I was sitting beside Ms. McCusker at the table when Michael provided her the information she was requesting. If Michael had provided her with a name, and/or relationship, that I was not familiar with I would have made note of that fact in my notes. This is especially true for something as important as the beneficiary of the annuity. I also would have made inquiries concerning that person's address, telephone number, and relationship, etc., in the event I had to contact them; or received a request from them for information. I have no such notes in my file.

13.   I have no notes in my file nor any present recollection that would suggest that the person Michael stated would be the beneficiary of the annuity was anyone other than his natural mother, Rosemarie L. Fritz.

14.   Further the affiant sayeth naught.

Signed under the pains and penalties of perjury, this 22nd day of March, 2005.

Allan S. McCausland

STATE OF NEW HAMPSHIRE
COUNTY OF _Merrimack_

Subscribed, sworn to and acknowledged before me, by ALLAN S. McCAUSLAND.

Justice of the Peace/Notary Public
My Commission Expires:_____

SANDRA S. BABSON, Notary Public
My Commission Expires July 14, 2005

2

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSEMARY FRITZ, <br>     **Plaintiff** <br><br>      **v.** <br><br> **TRANSAMERICA LIFE** <br> **INSURANCE COMPANY and,** <br> **ROSEMARIE FRITZ,** <br>     **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     **CIVIL ACTION NO.:  2005 – 11544 - RWZ** <br> ) <br> ) |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

1.  This is an action for Breach of Contract, Negligence, Interference with Contractual Relations, and Declaratory Judgment.

2.  The Plaintiff, Rosemary Fritz, is an individual who resides in Salem, Massachusetts, in Essex County.

3.  The Defendant, Transamerica Life Insurance Company, is an insurance company whose primary place of business is 4333 Edgewood Road, NE, Cedar Rapids, Iowa, and regularly conducts business within the Commonwealth of Massachusetts.

4.  The Defendant, Rosemarie Fritz is an individual residing in Amherst, New Hampshire, in Hillsborough County.

5.  The Defendant, Transamerica Life Insurance Company has a local office located at 140 Gould Street in Needham, Massachusetts.

6.  A variable annuity policy application was executed by Michael E. Fritz on March 23, 1992.

7.  At the time that Michael E. Fritz signed the application, he named Rosemary Fritz as the sole beneficiary.

8.  The Defendant, Transamerica Life Insurance Company, breached said contract by making payments to someone other than the Plaintiff, Rosemary Fritz, and by refusing to recognize Plaintiff, Rosemary Fritz, as the beneficiary of the variable annuity ("the annuity").

9.  Michael E. Fritz died on February 22, 2002, and at that time, the decedent's policy #804676 had a full value of $1,068,551.12, with Plaintiff, Rosemary Fritz still listed as the sole beneficiary.

10.    Rosemarie Fritz claimed the annuity asset by filing a claim indicating that she was the beneficiary, knowing that the annuity listed Michael Fritz's step-mother Rosemary Fritz as the beneficiary.

## COUNT I (ROSEMARY FRITZ V. TRANSAMERICA) – BREACH OF CONTRACT

11.    The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-10 above.

12.    The Defendant Transamerica Life Insurance Company owed the Plaintiff a contractual duty as a third-party beneficiary.

13.    The Defendant, Transamerica Life Insurance Company, breached its contractual duty to the Plaintiff, Rosemary Fritz, when it disbursed funds from said variable annuity to Rosemarie Fritz, as follows:

1) $250,000.00 on April 4, 2002
2) $100,000.00 on February 27, 2003
3) $ 50,000.00 on June 20, 2003
4) $ 50,000.00 on September 10, 2003

## COUNT II (ROSEMARY FRITZ V. TRANSAMERICA) - NEGLIGENCE

14.    The Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-13 above.

15.    The Plaintiff, Rosemary Fritz, states that the Defendant Transamerica Life Insurance Company was negligent when it disbursed funds for said variable annuity to someone other than the designated beneficiary.

16.    The Plaintiff, Rosemary Fritz, states that the Defendant Transamerica Life Insurance Company was negligent when it failed to adhere to proper procedure and standard protocol when it disbursed funds from said annuity.

17.    The Plaintiff, Rosemary Fritz, states that the Defendant Transamerica Life Insurance Company continued to negligently make improper payments to a third party, other than the designated beneficiary on the annuity, even after the Defendant Transamerica Life Insurance Company was notified in writing on behalf of the Plaintiff of the claim of Rosemary Fritz to the annuity as the designated beneficiary.

## COUNT III (ROSEMARY FRITZ V. BOTH DEFENDANTS)– DECLARATORY JUDGMENT

18.    The Plaintiff, repeats, re-alleges, and incorporates by reference paragraphs 1-17 above.

19.    The Defendant Transamerica Life Insurance Company has failed to recognize the Plaintiff, Rosemary Fritz, as the designated beneficiary.

20.    The Defendant Rosemarie Fritz has claimed a right to the annuity proceeds.

21. The Plaintiff, Rosemary Fritz, states that the Defendant, Transamerica Life Insurance Co., was negligent and breached its contract when it disbursed funds from said variable annuity to someone other than the Plaintiff, Rosemary Fritz, who is the designated beneficiary.

22. The Plaintiff, Rosemary Fritz, states that the remaining balance, in addition to what has already been paid, is owed to the Plaintiff, Rosemary Fritz and the Defendant Transamerica Life Insurance Company has failed to comply with its contractual duty as it has not paid said monies to Rosemary Fritz, thereby, breaching its contractual duty to the Plaintiff.

23. The Plaintiff Rosemary Fritz asserts her rights as the rightful owner of the entire amount of the variable annuity proceeds, irregardless of wrongful disbursements to Rosemarie Fritz.

## COUNT IV (ROSEMARY FRITZ V. ROSEMARIE FRITZ)- INTERFERENCE WITH CONTRACTUAL RELATIONS

24. The Plaintiff, repeats, re-alleges, and incorporates by reference paragraphs 1-23 above.

25. The Defendant Rosemarie Fritz knew of Rosemary Fritz's status as a third-party beneficiary of the annuity.

26. The Defendant Rosemarie Fritz interfered with the contractual relationship between Rosemary Fritz and Transamerica by claiming she was the beneficiary and failing to inform the Defendant Transamerica that Michael Fritz had a step-mother named Rosemary Fritz.

27. As the proximate result of Rosemarie Fritz's interference, the Defendant Transamerica Life Insurance Company has paid $450,000 of annuity proceeds to Rosemarie Fritz, has failed to recognize Rosemary Fritz as the rightful beneficiary, and has failed to distribute the remaining proceeds to Rosemary Fritz.

**WHEREFORE,** the Plaintiff, Rosemary Fritz, is entitled to a Declaratory Judgment that she is the rightful beneficiary of the variable annuity contract and demands judgment against both defendants, damages, attorney's fees, and costs, together with statutory interest thereon

**THE PLAINTIFF REQUESTS A JURY TRIAL.**

> Respectfully Submitted,
> Rosemary Fritz,
> By Her Attorney,
>
>
> /s/James R. Knudsen
> James R. Knudsen, Esq.
> Whittenberg Knudsen, LLP
> BBO #567358
> 200 Broadway, Suite 304
> Lynnfield, MA  01940
> (781) 599-4000

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C. A. NO:05-CV-11544-RWZ

---

ROSEMARY FRITZ,

Plaintiff / Defendant-in-Counterclaim

v.

TRANSAMERICA LIFE INSURANCE
COMPANY,

Defendant, Plaintiff-in-Counterclaim,
Plaintiff-in-Crossclaim

ROSEMARIE FRITZ

Defendant/Defendant-in-Counterclaim

---

## ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM AND CROSS-CLAIM

Now comes the Defendant, Transamerica Life Insurance Company, and for answer to the plaintiff's complaint states as follows:

1. The Defendant admits that the plaintiff has plead an action sounding in Breach of Contract, Negligence and Declaratory Judgment, but denies that pleading an action in this manner is proper.

2. The defendant admits the allegations contained in this paragraph.

3. The defendant admits the allegations contained in this paragraph.

4. The defendant is without sufficient information to form a belief as to the allegations contained in this paragraph and calls upon the plaintiff to prove same.

2

5.  The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

6.  The defendant admits the allegations contained in this paragraph.

7.  The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

8.  The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

9.  The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

10. The defendant admits that Rosemarie Fritz made a claim but denies the remaining allegations contained in this paragraph and calls upon plaintiff to prove same.

## COUNT I
### Breach of Contract  v.  Transamerica

11. The defendant repeats and reaffirms its answer to the preceding paragraphs of this complaint as if fully set forth herein.

12. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

13. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

## COUNT II
### Negligence v. Transamerica

14. The defendant repeats and reaffirms its answer to  the preceding paragraphs of this complaint as if fully set forth herein.

15. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

3

16. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

17. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

## COUNT III

### Declaratory Judgment v. Transamerica and Rosemarie Fritz

18. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

19. The defendant admits the allegations contained in this paragraph.

20. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

21. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

22. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

23. The defendant denies the allegations contained in this paragraph of the plaintiff's complaint and calls upon the plaintiff to prove same.

## COUNT IV
### Interference with Contractual Relations v. Rosemarie Fritz

24. The defendant, Transamerica Life Insurance Company, does not answer Count IV of the plaintiff's complaint which solely addresses the conduct of the defendant, Rosemarie Fritz. To the extent any allegation is intended to be addressed to the defendant, Transamerica Life Insurance Company, it is denied.

## FIRST AFFIRMATIVE DEFENSE

The Defendant states that the plaintiff's complaint fails to state a cause of action upon

4

which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant states that the plaintiff's Complaint fails to comply with the Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

The Defendant states that the actions plead by the plaintiff herein are already the subject of a civil suit now pending in the courts of the State of New Hampshire which civil suit is in the process of being transferred from the Hillsborough County Probate Court, Docket No.: 2004-781 to the Hillsborough County Superior Court.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant denies each and every material allegation contained in the Plaintiff's complaint not otherwise unequivocally admitted in the Defendant's answer.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant states that the negligence of the Plaintiff was greater than that of the Defendant and accordingly, the Plaintiff is barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant states that the negligence of the Plaintiff is such that his damages should be diminished pursuant to the provisions of M.G.L.A. Chapter 231, Section 85.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff is guilty of latches in the bringing of this action and the Defendant has been prejudiced thereby.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that notice was a condition precedent by the Plaintiff to the maintenance of this action, which notice requirement was not complied with by the Plaintiff and, accordingly, the Plaintiff cannot maintain this action.

6

## COUNT I
### (Interpleader)

10. Transamerica repeats and reaffirms the allegations contained in paragraphs one through nine as if set forth fully herein.

11. Transamerica files this action in interpleader on grounds that it is prepared to tender the funds that it holds to the individual determined by this Honorable Court to be the beneficiary named in the policy

WHEREFORE, the plaintiff-in counterclaim/ cross-claim, Transamerica Life

Insurance Company, petitions this Honorable Court to issue an order that determines

which individual is named as the beneficiary on the policy at issue and that authorizes

Transamerica Life Insurance Company to transfer all funds that it holds on behalf of the

beneficiary to that individual together with an award of costs and attorney's fees in favor

of Transamerica Life Insurance Company.

                    Respectfully submitted,
                    Transamerica Life Insurance Company
                    By and through their attorney,



                    Thomas J. Delaney
                    Goddard, Scuteri, & Delaney
                    27 Congress Street, Suite 401
                    Salem, MA 01970
Dated: December 20, 2005        (978) 745-6200

## CERTIFICATE OF SERVICE

I, Thomas J. Delaney, Esq., attorney for the plaintiff, hereby certify

that I have served a copy of foregoing by mailing same, postage prepaid,

to:

Name of Document

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM AND
CROSS-CLAIM

Names and Addresses of Attorney of Record

Chris Winton-Henderson, Esq.          James R. Knudsen, Esq.
57 Wharf Street                       200 Broadway, Suite 304
Salem, MA 01970                       Lynnfield, MA 01940


John J. Cronin, III, Esq.
Greenfield Road
Benington, NH 03442

Date of Service

December 21, 2005

Signed under the pains and penalties of perjury this 21st  day of

December 2005.

THOMAS J. DELANEY

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO: 05-CV-11544-RWZ

```
*******************************
ROSEMARY FRITZ,                              *
                                             *
Plaintiff/Defendant-in-Counterclaim/Cross-  *
Claim                                        *
                                             *
v.                                           *
                                             *
TRANSAMERICA LIFE INSURANCE                  *
COMPANY,                                     *
                                             *
Defendant,                                   *
                                             *
ROSEMARIE  FRITZ                             *
                                             *
Defendant/Plaintiff in Counterclaim/Cross-  *
Claim                                        *
**************************************
```

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM/CROSS-CLAIM

Now comes the Defendant, Rosemarie L. Fritz, and answers Plaintiff's **First Amended Complaint** as follows:

1. The Defendant admits that the Plaintiff has filed an action pleading Breach of Contract, Negligence and Declaratory Judgment; however, Defendant denies Plaintiff's pleadings are properly before this Court.

2. The Defendant admits the allegations contained in this paragraph.

3. The Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

4. The Defendant admits the allegations contained in this paragraph.

1

5. The Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations contained within this paragraph and calls upon the Plaintiff to prove those allegations.

6. The Defendant admits the allegations contained in this paragraph.

7. The Defendant denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

8. The Defendant denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

9. The Defendant admits that Michael E. Fritz died on February 22, 2002 and that his annuity policy had a value of $1,068,551.12 but otherwise denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

10. The Defendant denies the allegations contained in this paragraph and calls upon the Plaintiff to prove those allegations.

## COUNT I
### Breach of Contract v. Transamerica

11 The Defendant repeats and reaffirms her answers to the preceding paragraphs of this complaint as if fully set forth herein.

12. The Defendant, Rosemarie L. Fritz, does not answer Count I of the Plaintiff's Complaint as it alleges conduct of the Defendant, Transamerica Life Insurance Company.

## COUNT II
### Negligence v. Transamerica

13. The Defendant repeats and reaffirms her answers to the preceding paragraphs of this complaint as if fully set forth herein.

14. The Defendant, Rosemarie L. Fritz, does not answer Count II of the Plaintiff's Complaint which alleges conduct of the Defendant, Transamerica Life Insurance Company.

## COUNT III
### Declaratory Judgment v. Transamerica and Rosemarie L. Fritz

15. The Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

16. The Defendant admits the allegations contained in paragraph 19 of the Plaintiff's Complaint.

2

17. The Defendant admits that she has a right to the annuity proceeds but otherwise denies the allegations contained in paragraph 20 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

18. The Defendant, Rosemarie L. Fritz, does not answer paragraph 21 of the Plaintiff's Complaint which alleges conduct of the Defendant, Transamerica Life Insurance Company.

19. The Defendant, Rosemarie L. Fritz, does not answer paragraph 22 of the Plaintiff's Complaint which alleges conduct of the Defendant, Transamerica Life Insurance Company. To the extent any allegation is intended to be addressed to, or of the conduct of the Defendant, Rosemarie L. Fritz, it is denied and the Defendant calls upon the Plaintiff to prove those allegations.

20. The Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

### COUNT IV
### Interference with Contractual Relations v. Rosemarie Fritz

21. The Defendant repeats and reaffirms her answers to the preceding paragraphs of this complaint as if fully set forth herein.

22. The Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

23. The Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

24. The Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint and calls upon the Plaintiff to prove those allegations.

### FIRST AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's Complaint fails to set forth the cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's Complaint is barred by the doctrine of collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff is guilty of latches in filing the instant action resulting in prejudice to the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's Complaint is barred by the Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant states that the negligence of the Plaintiff was greater than that of the Defendant and therefore, the Plaintiff cannot recover.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant states that the Complaint of the Plaintiff before this Honorable Court is already being litigated in a civil suit presently pending in the Superior Court of Hillsborough County Northern District in the State of New Hampshire, Docket # 05-E-0298. The New Hampshire State Court has already conducted a pre-trial conference and issued discovery orders as well as scheduling that matter for trial on May 11, 2006.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant specifically denies any material allegations contained in Plaintiff's Complaint which may have not been previously admitted to by the Defendant in this Answer.

WHEREFORE, the Defendant, Rosemarie L. Fritz, by and through her attorney, hereby prays:

A.  The Plaintiff's First Amended Complaint be dismissed with prejudice.

B.  That the Plaintiff be ordered to pay the Defendant's costs, including reasonable attorney's fees, which she has incurred in defending the instant action.

C.  For other and further relief as justice may require.

## COUNTERCLAIM/CROSS-CLAIM

## PARTIES

1.  Rosemarie L. Fritz the Plaintiff in this Counter Claim/Cross-Claim is an individual who resides in Amherst, New Hampshire.

2.  The Defendant in Counter Claim/Cross-Claim, Rosemary T. Fritz, upon information and belief, is an individual who resides in Salem, Massachusetts.

3.  Transamerica Life Insurance Company is an entity, upon information and belief, that is duly licensed with a principal place of business in the State of Iowa.

4

## FACTS

4.  Michael E. Fritz purchased an annuity through Fidelity Investments in Amherst, NH on March 23, 1992.  Annuity policy # 804676 was issued on or about March 25, 1992.

5.  Rosemarie L. Fritz is the natural mother of Michael E. Fritz.

6.  Rosemary T. Fritz is the stepmother to Michael E. Fritz.

7.  Michael E. Fritz died on February 22, 2002.  The annuity contract provides for a death benefit to be paid to the named beneficiary.

8.  Rosemarie L. Fritz and Rosemary T. Fritz both claim to be the beneficiary.

9.  At the time that Michael E. Fritz purchased the annuity contract, an application was completed.  The application listed "Rosemary L. Fritz" as the beneficiary and that the relationship between the beneficiary and the applicant was "Mom".

10. At the time that the application was completed, the following individuals were present with Michael E. Fritz:  Allan S. McCausland,  a financial advisor; Joseph F. Vittek, Jr., Esquire, Michael's attorney; Phillip J. Monagle, Michael's stepfather; Rosemarie L. Fritz, Michael's natural mother and Allison McCusker a representative from Fidelity Investments.

11. Rosemary T. Fritz, the Defendant in Counter Claim/Cross-Claim became aware of the details of the annuity contract #804676 on or about February 2002.

12. The Defendant in Counter Claim/Cross-Claim, Rosemary T. Fritz and her husband, John E. Fritz, contested the probating of Michael E. Fritz's estate by objecting to the appointment of the executor named in the will; objecting to the inventory that was filed; and, objecting to the first and final account filed by the executor.

13. The Hillsborough County New Hampshire Probate Court overruled all of the objections of John E. Fritz and Rosemary T. Fritz.

## COUNT I

14. Rosemarie L. Fritz repeats and reaffirms all the allegations set forth in paragraphs 1 through 13 in the Counter Claim/Cross-Claim as if fully set forth herein.

15. Rosemarie L. Fritz files this Counter Claim/Cross-Claim on the grounds that the Defendant in Counter Claim/Cross-Claim, Rosemary T. Fritz's claim before this Court is frivolous, contrary to the facts which she knew or should have known and/or is vindictively motivated

5

WHEREFORE, Rosemarie L. Fritz, by and through her attorney, respectfully prays:

A.   That this honorable Court award the death benefits under annuity account # 804676 to Rosemarie L. Fritz.

B.   That this Court order Rosemary T. Fritz to pay Rosemarie L. Fritz's reasonable costs, including attorneys fees occasioned by the Defendant in Counter Claim/Cross-Claim alleging that she has a right to the full'value of the variable annuity policy # 804676.

C.   For such other and further relief as justice may require.

Defendant Rosemarie L. Fritz
By her attorney,

Thomas A. Pursley
BBO # 553241
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

### CERTIFICATE OF SERVICE

I, Thomas A. Pursley, attorney for the Defendant Rosemarie L. Fritz, hereby certify that on the _2 9/t_ day of December, 2005, a true copy of the foregoing Answer to Plaintiff's First Amended Complaint and Counterclaim/Cross-claim was served by mail, postage prepaid, directed to:

Chris Winton-Henderson, Esq.
57 Wharf Street
Salem, MA 01970

James R. Knudsen, Esq.
200 Broadway, Suite 304
Lynnfield, MA 01940

Thomas J. Delaney, Esq.
Goddard, Scuteri & Delaney
27 Congress Street
Salem, MA 01970

Thomas A. Pursley

6